[Civ. No. 5803. Second Appellate District, Division One.—May 3, 1928.]

KENT E. KELLER, Appellant, v. RICHARD LILE et al., Respondents.

Henry Schaefer, Jr., and Raymond V. Haun for Appellant.

Mitchell, Silberberg & Davis for Respondents.

WOOD (W. J.), J., *pro tem.*—Plaintiff, the owner of a number of mining claims in the state of Arizona, transferred the claims to the White Hills Mining Company, a corporation, of which he was manager, and received about 750,000 shares of the stock of the corporation in exchange therefor. This stock was placed in escrow under permits from the corporation commissioners of California and Arizona, by which he was authorized to sell the stock to the public. The record does not disclose the terms of the escrow nor of the permits under which plaintiff was authorized to sell. Defendant Lile and one Colton were college students making a survey upon the claims of the company. A question arose as to whether Lile and Colton would remain at work until the survey was completed, and plaintiff promised them each a bonus if they would stay with the work until its completion. The survey was completed and Lile left Arizona. Thereafter, a certificate representing 5,000 shares of the capital stock of the company was mailed by plaintiff to Lile. A similar certificate was mailed to Colton. Lile caused the certificate to be delivered to defendant Wagy to be sold. The stock delivered to Lile was treasury stock of the company, but after it was mailed to Lile plaintiff paid the company for ·it in cash. Plaintiff commenced this action to recover possession of the stock certificate, which was seized by the sheriff and thereafter delivered into the possession of the plaintiff by virtue of the provisions of section 509 et seq. of the Code of Civil Procedure. The trial court found that Lile was the owner and entitled to the possession of the stock certificate, and rendered judgment for its return to Lile and for damages occasioned by plaintiff's action in having it seized.

■ The record discloses a sharp conflict between the testimony of Keller and that of Lile. While Keller did not deny that a bonus had been promised to Lile, he testified that the stock in question had been mailed to Lile for the sole purpose of enabling Lile to sell it on behalf of the corporation, for which Lile was to receive a commission of twenty per cent of the selling price. Lile, on the other hand, testified that the stock had been sent to him in accordance with the previous agreement with Keller whereby he was to receive a bonus for services rendered. He stated that Keller had promised him at least 5,000 shares of the

capital stock of the company as a bonus if he would complete the survey and that the same promise had been made to Colton; that Keller had said that he "had enough personal stock to take care of us all." He further testified: "Q. Well, he indicated to you that any stock he would give you would be from his personal stock, didn't he? A. No, he didn't indicate that, other than my statement." The trial court found that the stock was issued to Lile "in consideration of services rendered . . . in surveying and mapping properties of White Hills Mining Company." The court also found that the stock was not "issued for the purpose of having Richard Lile make a sale of said stock and return the proceeds thereof to plaintiff, less a 20% commission." The findings are sustained by the evidence. Plaintiff promised 5,000 shares to Lile and, in keeping with his promise, he caused that number of shares to be issued and delivered. The fact that the stock was, at the time of its issue, treasury stock, cannot alter the situation, since plaintiff subsequently made payment for it to the corporation. Even if it be held that plaintiff had agreed to deliver only his "personal" stock he would not be in position to complain, for he now asserts that the stock delivered is in fact his personal stock.

All of the evidence was in the form of depositions except the testimony of plaintiff, who appeared in person at the trial. Appellant now argues that the reviewing court has the same opportunity to weigh the evidence as had the trial court and therefore the general rule that the findings of the trial court are binding should not prevail. The fact that most, or even all, of the evidence may be in the form of depositions does not alter the rule referred to. The findings of the trial court must control if supported by the evidence. There being ample evidence to sustain the findings, the judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.